UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:09-cr-00512-ECR-PAL |
| | ) | Related Case No. 2:11-cv-00023-ECR |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING DEFENDANT'S |
| vs. | ) | MOTION TO VACATE, SET ASIDE, |
| | ) | OR CORRECT SENTENCE UNDER 28 |
| | ) | U.S.C. § 2255 |
| LUIS G. PARADA-HERRERA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On January 5, 2011, Defendant filed a motion (#31) under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Government has responded (#37) to the motion, and Defendant has filed a reply (#39) in support of the motion.

Defendant states two claims for relief:

       I.     Defendant was denied effective assistance of counsel, and

      II.    Defendant's specific offense characteristics enhancement of 16 levels significantly over represented the seriousness of his offense conduct.

CLAIM I

In support of Claim I, Defendant argues his counsel failed to request the records and files of the state court conviction which were used to establish the 16

1   level enhancement.  He also argues that his counsel failed to object to the

2   Presentence Report ("PSR") regarding the 16 level enhancement in the Guideline

3   calculation.  Finally, Defendant claims that his counsel failed to argue or object

4   to the 16 level enhancement in the Guideline calculation on the basis that it over

5   represented the seriousness of the prior state conviction and that if counsel had

6   requested the state court record and files, those records would have demonstrated

7   that Defendant entered a plea to a lesser included offense.

8       During the plea-taking proceeding, Defendant, under oath, in response to a

9   direct question stated by the Court, specifically testified that he had previously

10  been convicted on January 14, 2004, of a crime of violence in the District Court

11  of Clark County, Nevada.

12      The Plea Memorandum, which set forth the plea agreement, provided

13  specifically for a 16 level enhancement because Defendant was previously

14  convicted of a felony crime of violence.  During the plea taking, the Court asked

15  Defendant if he had discussed the memorandum with his attorney and whether

16  his attorney had answered any questions he had about it to which the Defendant

17  answered, "yes."  The Court then asked Defendant if he understood the plea

18  agreement and he stated under oath that he did.  At the plea taking, the Court

19  explained how the Guidelines worked, including enhancements in the

20  calculations, and Defendant testified that the Court's explanation came out the

21  same as what his attorney had told him.

22      Defendant does not state in the present motion or reply what the state court

23  records and files would have shown that would demonstrate that the 16 level

24  enhancement over represented the seriousness of the prior conviction.  This claim

25  is alleged only in a conclusory fashion.   Defendant does not cite to any facts in

26  those records and files to support his position.  The fact that he pleaded to a

27  lesser included offense does not demonstrate that the prior crime was not a

28  violent offense requiring the 16 level increase.

1    At the sentencing hearing, the Assistant United States Attorney described
2    the circumstances of the event which was the basis for Defendant's prior
3    conviction.  These circumstances were that Defendant and the victim were
4    involved in an altercation and that Defendant ran up to the victim's car, broke the
5    victim's front passenger window with his chrome semiautomatic hand gun, and
6    shot the victim in the groin.  According to the Assistant United States Attorney at
7    the hearing, Defendant was originally charged with attempted murder with a
8    deadly weapon, but later pleaded guilty to battery with a deadly weapon.  In his
9    present moving papers, Defendant does not endeavor to challenge this recital of
10   the facts of his prior conviction or the circumstances of it.   Certainly, only one
11   reasonable conclusion can be reached – the prior conviction was for a crime of
12   violence.  The 16 level enhancement was properly applied.

13   The fact that Defendant's prior conviction was based on an Alford plea
14   makes it no less a conviction for a violent crime.  The Alford plea is a guilty plea
15   for the purposes of determining whether the conviction was for a violent crime.

16   At the sentencing hearing, Defendant stated he had no objection to the
17   Presentence Report ("PSR") which contained the level 16 enhancement.  He
18   admitted that the PSR had been translated for him into the Spanish language, that
19   he discussed it with his attorney, that he understood it, and that he had no
20   objections to it.  Defendant specifically stated in open court that he had no
21   objections to the Presentence Report as presented.

22   Defendant also claims in his motion that due to his attorney's ineffective
23   assistance of counsel, he lost the opportunity for a downward departure on the
24   basis that the 16 level enhancement over represented the seriousness of the prior
25   state conviction.

26   The facts presented do not indicate any basis on which Defendant's
27   counsel might have been able to argue for a downward departure had the records
28   and files of the state court conviction been made known at the time of sentencing.

1

2   There is no claim asserted that but for the unprofessional errors of counsel

3   he would not have pleaded guilty.

4       Thus, Defendant has not shown ineffective assistance of counsel according

5   to *Strickland v. Washington*, 466 U.S. 668 (1984).  Counsel's representation did

6   not fall below an objective standard of reasonableness in failing to obtain the

7   records and files of Defendant's subject state count conviction and to argue at

8   sentencing that the prior conviction as reflected in the Guideline calculation over

9   represented the seriousness of the offense, or in failing to seek a downward

10  departure or variance on that basis.  Nor has Defendant demonstrated prejudice to

11  him in the sense that the result of the sentencing would have been different had

12  such argument been made at sentencing.  Confidence in the outcome is not

13  undermined by what has occurred here.

14      Defendant's first claim for relief will be rejected.

15                          CLAIM II

16      The Court now considers Defendant's Claim II.  In this claim, Defendant

17  argues that the enhancement of 16 levels in the Guideline calculation

18  significantly over represents the serousness of his plea conviction in state court.

19      Defendant's plea agreement specifically waived all collateral challenges,

20  including any claims under 28 U.S.C. § 2255 to his conviction and sentence, and

21  the procedure under which the Court imposed sentence, except ineffective

22  assistance of counsel claims.  As such, Defendant's claims here do appear to

23  challenge his sentence.  Such a § 2255 motion is barred by the waiver in the plea

24  agreement.  Defendant offers no persuasive argument with respect to any claims

25  of invalidity of the waiver.  The waiver is valid and bars the substantive claim of

26  over representation.  Further, the claim is without merit.  The 16 level

27  enhancement does not over represent the seriousness of the prior conviction.  The

28  battery charge of which the he was convicted was clearly a crime of violence.

1   The description by the Assistant United States Attorney of what happened at the
2   time of the commission of the crime is strong support for the conclusion that the
3   16 level increase does not over represent the seriousness of the crime.

4        Defendant claims that he always understood from counsel that he would
5   not be subject to more than 18 months imprisonment.  The plea agreement
6   contains no such assurances.  At the plea taking, Defendant was asked whether
7   any promises or representations had been made to him to induce him to plead
8   guilty except for the benefit of the plea agreement.  Defendant answered, "no."
9   He was asked whether anyone had promised him a particular sentence and again
10  he answered, "no."

11       At the plea taking, the Court advised Defendant that no one was in a
12  position to promise him any particular sentence because it was an unknown at
13  that time; that the Court was the only one that could determine his sentence; and
14  that the sentence had not been determined.   The Court also stated to Defendant
15  at the plea taking that the Court had jurisdiction and authority to impose any
16  sentence within the statutory maximum for the crime.

17       Defendant's present claim that he understood his sentence would be no
18  more than 18 months must fail in light of the Court's admonition to him at the
19  plea taking.  He could not claim to rely on the alleged understanding from
20  counsel in pleading guilty.

21  /      /      /
22  /      /      /
23  /      /      /
24  /      /      /
25  /      /      /
26  /      /      /
27  /      /      /
28  /      /      /

5

1                                    CONCLUSION

2         THEREFORE, it is Ordered that

3         Defendant's Motion (#31) filed on January 5, 2011, under 28 U.S.C. §

4    2255 is <u>DENIED</u>.

5         The Clerk shall enter judgment accordingly.

6         DATED this 14th day of April 2011.

7

8

9                                        _____
                                          EDWARD C. REED, JR.
10                                        United States District Judge

11   United States of America v. Parada-Herrera
     2:09-cr-00512-ECR-PAL
12   2:11-cv-0023-ECR

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          6